**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Neal Safford, | No. CV-18-00493-PHX-JAT (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| William Lothrop, | |
| Respondent. | |

On June 25, 2018, this Court issued the following Order.

Pending before the Court is the parties' motion (consistent with their consent) to reassign this case to a Magistrate Judge for entry of final judgment. (Doc. 26). Presumably because they consent, the parties cite no authority beyond the Local Rules to support this transfer.

The Court notes that Petitioner filed this case pursuant to 28 U.S.C. § 2241. (Doc. 1 at 1). The Court further notes that in its answer, Respondent argued that this case is really a successive 28 U.S.C. § 2255 petition, and should be dismissed for lack of jurisdiction. (Doc. 22 at 1). This Court's limited research has revealed that courts have held that Magistrate Judges may not preside over cases arising under 28 U.S.C. § 2255, even when the parties consent. *See e.g.*, *Johnston v. United States*, 258 F.3d 361 (5th Cir. 2001); *Brown v. United States*, 748 F.3d 1045 (11th Cir. 2016).

Based on this research, the Court questions whether this case can be decided by a Magistrate Judge, even with the consent of the parties. Thus, the Court will deny the motion without prejudice. If the parties choose to re-file the motion, they must address: 1) whether they agree that this case is properly brought under 28 U.S.C. § 2241; 2) the authority of a Magistrate Judge to hear cases under 28 U.S.C. § 2241; and 3) if the Government still contends that this case is properly brought under 28 U.S.C. § 2255, the authority of a Magistrate Judge to hear a case brought pursuant to 28 U.S.C. § 2255. If the parties fail to re-file the motion to reassign within two weeks, the Magistrate Judge to whom this case is referred shall proceed with the preparation of a Report and Recommendation.

Based on the foregoing,

**IT IS ORDERED** that the motion to reassign (Doc. 26) is denied,

without prejudice.

(Doc. 28).

Following the Order, Petitioner again moved to assign this case to a Magistrate Judge by consent. (Doc. 30). Respondent opposed the motion and withdrew its consent to Magistrate Judge jurisdiction to "avoid potentially unnecessary litigation over constitutional and jurisdictional issues." (Doc. 31). Given that Respondent has withdrawn consent prior to reassignment, and in the exercise of this Court's discretion to keep this case, this Court will deny the motion to reassign the case to a Magistrate Judge.

Moreover, it appears the Ninth Circuit Court of Appeals would agree with the Eleventh Circuit's decision in *Brown*. Specifically, the Court in *Brown* stated, "we hold that [] a § 2255 proceeding is not a 'civil matter' for purposes of § 636(c), and therefore the Magistrate Judge lacked the statutory authority to enter final judgment on Brown's § 2255 motion." *Brown*, 748 F.3d at 1047. In *United States v. Martin*, the Ninth Circuit Court of Appeals stated, "[I]t is [] clear that 'a motion under § 2255 is a further step in the movant's criminal case and not a separate civil action.'" 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) (citation omitted). Thus, given the Ninth Circuit Court of Appeals statement that a § 2255 proceeding is not "a separate civil action," it would follow that a § 2255 proceeding is not a "civil matter" for purposes of § 636(c). Accordingly, this Court adopts the reasoning of *Brown* and concludes that, if this case arises under § 2255 as Respondent contends, a Magistrate Judge would not have statutory authority to preside over this case. Further, although Petitioner argues that his case arises under § 2241, because this case seeks the remedy of a § 2255 motion regardless of its title,[1] a Magistrate Judge would not have statutory authority to preside over this case.

Based on the foregoing,

**IT IS ORDERED** that the motion to reassign (Doc. 30) is denied. This case

---

[1] Respondent argues, "As the Court recognized, Respondent contends that this case is really a disguised – and unauthorized – successive 28 U.S.C. § 2255 motion to vacate Petitioner's sentence.… [citations omitted] Because Petitioner seeks identical relief (vacating his sentence) even if his filing is labeled a '§ 2241 petition,' the foregoing authorities appear to apply regardless of the label used to describe Petitioner's filing." (Doc. 31 at 2).

- 2 -

1 | remains referred to Magistrate Judge Metcalf for the preparation of a Report and
2 | Recommendation.

    Dated this 20th day of July, 2018.

_____
James A. Teilborg
Senior United States District Judge