**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Neal Safford,<br><br>        Petitioner,<br><br>v.<br><br>William Lothrop,<br><br>        Respondent. | No. CV-18-00493-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 and a Report and Recommendation ("R&R") on the Petition. Although the Petition was filed under 28 U.S.C. § 2241, Respondent argues, and the R&R concludes, that this Petition is not properly brought under the escape hatch of 28 U.S.C. § 2255(e), and therefore, the Petition in this case should be construed as one under 28 U.S.C. § 2255(a). (Doc. 34 at 29). Thus, because Petitioner was convicted in the Tenth Circuit, the R&R concludes that this Court does not have jurisdiction over this case. (Doc. 34 at 32).

**I.**    **Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263

F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

The Court will review the portions of the R&R to which there was an objection de novo. However, the Court notes that Petitioner states in his objections, "Mr. Safford specifically asks the Court to conduct de novo review of the issues raised in the R&R." (Doc. 35 at 1). Respondent appears to agree that this sentence is adequate to require a de novo review of the entire of the case. *See* Doc. 36 at 5 ("Respondent respectfully asks that, in conducting its de novo review of the R&R, the Court decline to accept the R&R's discussion of the second prong, ….").

Both parties are incorrect, however, as to the scope of this Court's review. The Court is reviewing *de novo* only the portions of the R&R to which there is an objection. *Accord Martin v. Ryan*, 2014 WL 5432133, *2 (D. Ariz. October 24, 2014) ("…when a petitioner raises a general objection to an R&R, rather than specific objections, the Court is relieved of any obligation to review it.")(collecting cases); *Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. September 19, 2013) ("A general objection has the same effect as would a failure to object") (internal quotations and citation omitted). Thus, Petitioner's request cannot overcome this Circuit's *en banc* case law that this Court need only review de novo factual and legal issues to which there is an objection. *See Reyna-Tapia*, 328 F.3d at 1121.

Thus, the Court will review de novo the portions of the R&R to which either party objected.

## II. Background

The R&R recounts to the procedural history of Petitioner's case, and neither party objected to this portion of the R&R. (Doc. 34 at 1-5). Thus, the Court accepts it.

As is relevant to the discussion below, the Court notes that Petitioner was sentenced in May 2010. Petitioner filed his first § 2255 petition in May 2011. Petitioner sought leave to file his second § 2255 petition in July 2014, which the Tenth Circuit denied. Petitioner sought leave to file his third § 2255 petition in April 2016. The Tenth Circuit granted Petitioner leave to file his third § 2255 petition (pursuant to *Johnson*) but ultimately denied relief.

## III. 28 U.S.C. § 2255 v. 28 U.S.C. § 2241

The general rule is that 28 U.S.C. § 2255 provides the sole procedural mechanism by which a federal prisoner may test the legality of his detention. *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). However, § 2255(e) provides an exception to this general rule in limited circumstances.

## IV. Escape Hatch

The R&R recounts the law governing when the escape hatch under § 2255(e) is available, and neither party objected to this portion of the R&R. (Doc. 34 at 10-13). Thus, the Court accepts it.

As is relevant to the discussion below,

> A § 2255 motion is inadequate or ineffective and thus "a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

(Doc. 34 at 13).

### A. Unobstructed Procedural Shot

As the R&R states:

> "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision. In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255

> motion." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008).
> It is important to note that this standard does not mandate that the legal basis be a "new rule" or that it be one of "constitutional law," as is required for second or successive 2255 motions pursuant to 28 U.S.C. § 2255(h)(2). Thus, this escape hatch standard is in this respect lower than the standard for successive motions.

(Doc. 34 at 13).

The R&R concludes that Petitioner did not have an unobstructed procedural shot at presenting his claim in the Tenth Circuit. (Doc. 34 at 13-18). Petitioner asks this Court to adopt this conclusion. (Doc. 35 at 2). Respondent objects to this conclusion. (Doc. 36 at 5-8).

Initially, the R&R concludes that Petitioner is not precluded from the escape hatch merely because he did not raise these claims in a direct appeal or in the first § 2255 petition. (Doc. 34 at 13-17). Respondent objects to this conclusion arguing that properly exhausting the claim before the Tenth Circuit was required for the escape hatch to be available because the *premise* of the cases on which Petitioner now relies was available at the time of Petitioner's opportunity to take a direct appeal and when he filed his first § 2255 petition. (Doc. at 36 at 5-8). The R&R rejects this argument because none of the cases on which Petitioner now relies had been decided at the time he could have taken a direct appeal or when he filed his first § 2255 petition; thus, the R&R concludes that it would have been futile to raise these claims. (Doc. 34 at 15). This Court agrees with the R&R up to this point that exhaustion via a direct appeal and/or a first § 2255 motion of a claim that had not yet been decided by the Supreme Court at that time of those filings and the Tenth Circuit law precluded such a claim at the time of those filings is not a mandatory prerequisite for the escape hatch to be available.

The R&R goes on to conclude Petitioner's third § 2255 before the Tenth Circuit wherein he actually raised (and the Tenth Circuit decided) his *Descamps*,[1] *Johnson*,[2] and

---

[1] *Descamps v. United States*, 133 S.Ct. 2276 (2013).

[2] *Johnson v. United States*, 135 S.Ct. 2551 (2015).

- 4 -

*Mathis*[3] claims was not an unobstructed procedural shot. (Doc. 34 at 17-18). The R&R's reason for this conclusion lies in the distinction between the test for being permitted to bring a successive § 2255 and the test for bringing a petition under the escape hatch. Specifically, as stated above, bringing a successive § 2255 petition requires a showing that there was a new rule of constitutional law. Conversely, the escape hatch requires a showing that the legal basis for the claim did not arise until after a petitioner's direct appeal and first § 2255 proceeding concluded and that the law changed in a way relevant to petitioner's claim after his first § 2255 motion was decided. (Doc. 34 at 13).

This distinction is important in this case because the Supreme Court's decision in *Mathis* is truly the basis of Petitioner's claim. As the Tenth Circuit noted, *Mathis* has not been made retroactive to cases not on direct appeal (thus, it did not announce a new rule of constitutional law). Accordingly, *Mathis* did not qualify Petitioner for a successive § 2255 petition.[4] However, *Mathis* can qualify as a legal basis for petitioner's claim that there was a change in the law relevant to petitioner's claim that arose after Petitioner's first § 2255 petition, which would mean Petitioner's first § 2255 was not an unobstructed procedural shot to raise his *Mathis* claim.

However, the R&R goes on to conclude that Petitioner's third § 2255 petition can "count" as his unobstructed procedural shot under *Harrison*. (Doc. 34 at 17). Nonetheless, the R&R further concludes that Petitioner did not receive an unobstructed procedural shot in his third § 2255 petition because Petitioner's *Mathis* claim, which the Tenth Circuit decided on a procedural ground, was not a basis to bring a successive § 2255 petition; thus, the Tenth Circuit did not consider the merits of Petitioner's *Mathis* claim. (Doc. 34 at 18).

---

[3] *Mathis v. United States*, 136 S.Ct. 2243 (2016).

[4] This issue was litigated in Petitioner's third § 2255 petition that Petitioner was permitted to file based on *Johnson* (which did apply a new rule of constitutional law retroactively). However, Petitioner is not entitled to relief under *Johnson.* Thus, he attempted to convert his *Johnson* claim to a *Mathis* claim. (Doc. 34 at 18 ("In his third 2255 proceeding, the Tenth Circuit described Petitioner's motion as an attempt 'to leverage the irrelevant *Johnson* decision to enable him to apply *Mathis* retroactively.' (Exhibit F-3, Order 12/27/17.)").

The question then is whether, for petitioner to obtain an unobstructed procedural shot to present a claim, the court considering the § 2255 motion must reach the merits of the claim. In considering this question in this case, this Court has assumed the following: 1) *Johnson* is retroactive, but Petitioner is not entitled to relief under *Johnson*; 2) the Tenth Circuit was correct that *Mathis* is not retroactive; and 3) if a court were to reach the merits of Petitioner's *Mathis* claim, Petitioner would be entitled to relief in the form of a shorter sentence. To attempt to reach the end result of a shorter sentence, Petitioner's petition seems to assume that if a court allows an escape hatch § 2241 petition, the Court is no longer bound by the retroactivity requirement (assuming Petitioner can meet the actual innocence exception which the Court will discuss below). *See* (Doc. 1 at 16-22).[5]

This Court disagrees with the R&R that the Tenth Circuit's failure to consider Petitioner's *Mathis* claim on the merits means that Petitioner did not have an unobstructed procedural shot to raise his claims. In an analogous case, a district court concluded that the fact that *Apprendi*[6] was decided after a petitioner's conviction and was not retroactive (thus no court considered the merits of the claim) did not mean that the petitioner did not have an unobstructed procedural shot to bring his claim. *See Lopera-Ochoa v. Sanders*, No. CV 11-7084-DDP AGR, 2011 WL 7985824, at \*2 (C.D. Cal. Oct. 4, 2011), *report and recommendation adopted,* No. CV 11-7084-DDP AGR, 2012 WL 2031134 (C.D. Cal. June 5, 2012). Similarly, when a petitioner had litigated an *Apprendi* claim in the Eleventh Circuit as a request to file a successive § 2255 petition, then later made the same claim in the Ninth Circuit as a § 2241 petition, the district court held that the Eleventh Circuit denying leave to file the successive petition because *Apprendi* was not retroactive counted as an unobstructed procedural shot to raise the claim. *Denson v. Ives*, No. CV 14-04473 DDP RZ, 2014 WL 6606667, at \*2 (C.D. Cal. Nov. 19, 2014); *Gamboa v. United States*,

---

[5] The Court may be mischaracterizing Petitioner's claim, as it was not addressed in the R&R or objections. However, in reading the Petition, the Court did not locate any argument that *Mathis* is in fact retroactive, or that the Tenth Circuit erred in concluding otherwise. Thus, the Court presumes Petitioner is impliedly arguing that § 2241 overcomes the retroactivity requirement in some way.

[6] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

No. CV 12-10266 DSF JC, 2015 WL 2154149, at *4 (C.D. Cal. May 4, 2015) (same for a petitioner who had filed a § 2255 petition in the Fifth Circuit).

Thus, because Petitioner in this case litigated a *Mathis* claim (and a *Johnson* claim) in the Tenth Circuit as a successive § 2255 petition, he had an unobstructed procedural shot to raise his claims. The R&R will be rejected on this point and Respondent's objection sustained to the extent specified herein.

## B. Actual Innocence

Having concluded Petitioner had an unobstructed procedural shot to raise his claim in the Tenth Circuit, this Court need not reach the question of whether Petitioner can show actual innocence to qualify for the § 2255(e) escape hatch. Nonetheless, the Court will consider this alternative theory for not applying the escape hatch because Petitioner objected to the R&R's recommendation that the Court find it lacks jurisdiction over his § 2241 petition because Petitioner cannot show actual innocence.

The R&R recounted the law governing actual innocence, and neither party objected to this portion of the R&R. Accordingly, the Court accepts it.

Specifically,

> In the Ninth Circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614 (1998). *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (quoting *Bousley*, 523 U.S. at 623). "[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

(Doc. 34 at 19).

It is an open question in the Ninth Circuit "whether a petitioner may ever be actually innocent of a noncapital *sentence* for the purpose of qualifying for the escape hatch." *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012). Ultimately, the R&R concludes that claims of actual innocence of noncapital sentences cannot qualify for the escape hatch, and thus, Petitioner's claim fails. (Doc. 34 at 28). Petitioner objects to this conclusion.

Regardless, however, of whether noncapital sentences can qualify for the escape hatch, the Ninth Circuit Court of Appeals has held, "the purely legal argument that []

petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." *Marrero*, 682 F.3d at 1195. *see also Dorise v. Matevousian*, 692 Fed. App'x 864, 865 (9th Cir. 2017). In other words, *Marrero* rejected an "actual innocence" claim that was a "purely legal claim that had nothing to do with factual innocence." *Marrero*, 682 F.3d at 1193.

In this case, Petitioner's claim is clearly a legal claim and not a claim of factual innocence. Petitioner points to no new evidence, but only new law. (Doc. 34 at 28). Because Petitioner has no claim of factual innocence, even if the escape hatch is available to claims of actual innocence of a noncapital sentence, he would not qualify. Therefore, Petitioner cannot qualify for the escape hatch.

The R&R will be accepted on this point and Petitioner's objections are overruled.

## V. Transfer or Dismissal

As a result of the foregoing, the Petition in this case is properly construed as being under § 2255 and not § 2241. According this Court lacks jurisdiction over the Petition.

The R&R recommends that this Court dismiss this case without prejudice for lack of jurisdiction rather than transfer it to the Tenth Circuit. (Doc. 34 at 31). Neither party objected to this recommendation. Accordingly, the Court accepts it.

## VI. Certificate of Appealability

To the extent the currently pending petition is properly brought pursuant to 28 U.S.C. § 2241, no certificate of appealability is required to appeal. *See Forde v. U.S. Parole Comm'n*, 114 F.3d 878, 879 (9th Cir. 1997). However, when a petition is brought under § 2241, but is properly characterized as a petition under 28 U.S.C. § 2255, this Court must determine whether a certificate of appealability is appropriate. *Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (order).

Here, the Court has determined that this Petition is properly construed as one under 28 U.S.C. § 2255; thus, this Court will determine whether to issue a certificate of appealability. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when

the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is not debatable that Petitioner cannot make a showing of actual innocence. Therefore, a certificate of appealability will be denied.

**VII. Conclusion**

**IT IS ORDERED** that the Report and Recommendation (Doc. 34) is accepted or rejected as specified above; the objections (Docs. 35 and 36) are sustained or overruled as specified above; the Petition is denied and dismissed, without prejudice for lack of jurisdiction, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that to the extent the Court of Appeals construes this as a Petition under 28 U.S.C. § 2255, jurists of reason would not find this Court's procedural ruling debatable, therefore a certificate of appealability is denied.

Dated this 11th day of February, 2019.

James A. Teilborg
Senior United States District Judge